| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Amir A. Chamie, §
§
       Plaintiff, §
§
versus §     Civil Action H-09-1147
§
Department of Education, §
§
       Defendant. §

## Opinion on Dismissal

    Amir A. Chamie has failed to repay his student loans to the United States Department of Education. The department wrote him to recover the debt. Chamie says its actions, including letters and telephone calls, harass him.

    He has sued the Department of Education for coercion, fraud, discrimination, impeding commerce, slander, conspiracy, legal fees, and punitive damages.

    Chamie did not sue in time. A tort claim against the United States is forever barred unless it is presented to the agency in writing within two years of its accrual. 28 U.S.C. §2401 (b) (2006). Chamie sued in small claims court of Harris County, Texas, on April 1, 2009. His claims before 2007 are, therefore, too late.

    In any event, Chamie has no claim against the department. Through their government, the people of the United States lent him money in 1988 for an education of his choice. Chamie unconditionally promised to repay the money. After 20 years, he has refused. Included in his original petition were two letters from the department asking Chamie to pay his debt. He has no claim against a creditor reasonably seeking loan repayments. He also included a self-made judgment dated August 31, 2004, in which a fabricated court awarded him an imaginary $1.17 million in damages. This delusional self-awarded judgment evinces Chamie's attempt to avoid his debt.

    Finally, Chamie says he is unable to stay in school and keep a job because he is disabled. He also claims he cannot repay his loans because of his disability. His ailments, however, have

no bearing on whether he must repay the money. The promissory note has no clause releasing him of payment if he becomes sick, cannot stay in school, or cannot keep a job. Additionally, Chamie could have used administrative mechanisms of the Department of Education to ask for help with repayment or a full release, but he has not done it. Chamie is obliged to repay his student loans, regardless of his medical condition.

    Because the limits have expired for his claims and because he has failed to describe a legally recognizable claim in these circumstances, Amir A. Chamie's suit will be dismissed with prejudice.

Signed on March 11, 2010, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge